## JERE. HAGERTY *v.* F. M. HUGHES.

1. PLEADING. *Abandonment of original suit by amendment, where declaration is not changed to conform to writ.* Where a suit is brought by the husband in his name as such, and afterwards amended so as to stand as the suit of himself as administrator, for the use of his children, it is an abandonment of the original suit as husband; and unless the declaration be amended so as to conform to the changed condition of the suit, the action as amended cannot be maintained.

2. ATTACHMENT. *Abandonment of, with suit.* Where an ancillary attachment has issued in aid of the suit as husband, and the amendment as stated is made, the attachment is also abandoned, with the suit.

Code cited: §3201.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. N. BAXTER, Judge.

M. G. and M. M. BRIEN for Hagerty.

E. H. EAST, BATE & WILLIAMS, and J. O. SHACKLEFORD for Hughes.

NICHOLSON, C. J., delivered the opinion of the Court.

In this case we held, that by the amendment made by plaintiff in his summons and declaration, he abandoned the original suit, and elected to prosecute a new suit, in another vein and for a different cause of action, and that this operated as a discontinuance of the original suit.

It is now argued in the petition for re-hearing, that upon holding that the amendment had the effect of creating a new suit, instead of dismissing the cause because of its discontinuance, it should be amended that the original suit may be tried on its merits.

This would be the proper judgment, if the error had been in allowing an amendment by adding a new party, and thus merely constituting a misjoinder of parties.    But the motion to amend was not by adding another party, but its legal effect was to be allowed to substitute a new and different party as plaintiff, which new party could only maintain the suit upon a different cause of action.

The original summons was that Hughes "answer Jeremiah Hagerty in an action for malpractice, to his damage $25,000."

The original declaration, filed at May Term, 1871, was: "*Jeremiah Hagerty* v. *Dr. F. M. Hughes;* the plaintiff sues the defendant," etc., charging malpractice to his damage $25,000.

There was issue on this declaration at May Term, 1871, and in July, 1871, an ancillary attachment was sworn out by Jeremiah Hagerty to have property attached to satisfy the damages claimed for himself.

At September Term, 1871, Hughes pleaded an abatement to the attachment, and plaintiff demurred to the plea.    The plea in abatement was ordered to stand over for trial to a subsequent day of the Term, to-wit: October 21, 1871.

On October 21, 1871, the plaintiff moved the Court

to allow him to amend the writ and declaration in this cause, so as to read "Jeremiah Hagerty, administrator, etc., of Mary Hagerty, deceased, the wife of said Jeremiah Hagerty, and for the use and benefit of her two minor children, to-wit: John Henry and Mary Hagerty;" which, upon argument of counsel pro and con, is ordered to be done by the Court, and which was done, to all of which the defendant excepted."

The writ was accordingly amended so as to read, "to answer Jeremiah Hagerty, administrator of Mary Hagerty, deceased, and for the use and benefit of John Henry and Mary Hagerty, minor children, in an action for malpractice to his damage $25,000."

The declaration, as amended, commenced: Jeremiah Hagerty, administrator, etc., of Mary Hagerty, deceased, and for the use and benefit of her two minor children, John Henry and Mary Hagerty, v. Dr. F. M. Hughes; the plaintiff, for the use of himself, John Henry and Mary Hagerty, minors of said Mary Hagerty, deceased, sues the defendant for $25,000 as damages," setting out the cause of action as in the original declaration, which was malpractice to his wife, and stating no other damages than to himself, as in the original declaration.

It appears from this reference to the records, that the amendment asked for by plaintiff was, that his writ and declaration should show that Jeremiah Hagerty, administrator of Mary Hagerty, deceased, for the use of the two minor children, should prosecute the suit for $25,000 damages to him for malpractice.

The writ was amended as ordered, then making it a suit by Jeremiah Hagerty, administrator of Mary Hagerty, for the use of the two children. The caption of the declaration was also amended as directed, but the amendment in the commencement of the declaration does not conform to the order of Court in this, that it begins: "The plaintiff, for the use of himself, John Henry and Mary Hagerty, minors, etc., sues," etc., meaning thereby, that Jeremiah Hagerty, administrator of Mary Hagerty, deceased, for the use of himself and the two children, sues. The application made by him, and granted by the Court, was to amend his writ and declaration, so they would read: "Jeremiah Hagerty, administrator of Mary Hagerty, deceased, the wife of said Jeremiah Hagerty, and for the use and benefit of her two minor children." He did not ask to amend so that he could sue as administrator for his own use, but for the use of the children alone, and no leave was given so to amend. The insertion of the words "for use of himself," was, therefore, unauthorized by the Court, and must be treated as surplusage. It is clear that he had no right, under the Statute, to sue as administrator of his wife for his own use; he could only sue for the use of the children, and this was all that he asked to do by the amendment.

The necessary result is, that by obtaining permission to amend, so as to sue as administrator and not as husband, he abandoned his suit as husband, and voluntarily elected to prosecute the suit as administrator

for the use of his children, instead of for his own use. As held, in the opinion of the Court, this was an abandonment of the original suit, the legal effect of which was its discontinuance.

But it is argued that the defendant objected to the amendment when applied for by plaintiff, and when allowed that defendant excepted, and it is said, he ought not now to have the benefit of an error which was made against his objection. The defendant was in the position to take advantage of an error of plaintiff, but he conld only do this by objecting to the application. If he had consented, or had acquiesced without objection, he might have been precluded from availing himself of the error in this Court.

We are satisfied, after considering carefully all the suggestions urged in the petition for re-hearing, that there is no error in the former holding in the case, and that the abandonment of the original suit by plaintiff operated as a discontinuance thereof. Of course the ancillary attachment, which was ancillary to the original suit, was also discontinued.

Nor are we able to find any Statute which would authorize us to dispose of the costs otherwise than against the plaintiff. By §3201 of the Code, in cases of discontinuance, the defendant is the successful party, and entitled to full costs.

The petition for re-hearing is disallowed and dismissed.